AO 44Q (Rev. 10/93) Summons in a Civil Action - SONY WEB 4/

# United States District Court

__SOUTHERN__        DISTRICT OF     __NEW YORK__

## SUMMONS IN A CIVIL CASE

YASMINE GRADY

**Plaintiff,**

v.

CASE NUMBER:

**07 CV 3776**

PAUL ANNETTS, Superintendent of Downstate Correctional Facility,

sued in his individul capacity; SARGEANT CARDERELLI, Correctional Office,

sued in his individual capacity; MR. MOORE, Correctional Officer, sued in his

individual capacity; MS. ALAMAR, Correctional Officer, sued in her individual

capacity; and MS. SANTOS, Correctional Officer, sued in her individual capacity.

**Defendants,**

**JUDGE CHIN**

**TO:** (Name and address of defendant)

PAUL ANNETTS Downstate Correctional Facility 122 Red Schoolhouse Rd, P.O. Box 445 Fishkill, New York 12524-0445

SARGEANT CARDELLI Correctional Facility 122 Red Schoolhouse Rd, P.O. Box 445 Fishkill, New York 12524-0445

MR. MOORE Correctional Facility 122 Red Schoolhouse Rd, P.O. Box 445 Fishkill, New York 12524-0445

MS. ALAMAR Correctional Facility 122 Red Schoolhouse Rd, P.O. Box 445 Fishkill, New York 12524-0445

MS. SANTOS Correctional Facility 122 Red Schoolhouse Rd, P.O. Box 445 Fishkill, New York 12524-0445

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

James B. LeBow, Esq.,

The Law Office of James B. LeBow,

488 Madison Ave., Suite 1100, New York, NY 10022

an answer to the complaint which is herewith served upon you, within ___30___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

MAY 13 2007

CLERK

(BY) DEPUTY CLERK

DATE

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

Check one box below to indicate appropriate method of service

[ ] Served personally upon the defendant. Place where served:

[~~] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

[~] Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on

Date

Signature of Server

Address of Server

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44C/SDNY
REV. 12/2005

CIVIL COVER SHEET

**07 CV 3776**
**JUDGE CHIN**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| YESMINE GRADY | PAUL ANNETTS, SARGEANT CARDELLI, MS. ALAMAR, MS. SANTOS |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Law Office of James B. LeBow<br>488 Madison Ave., Suite 1100, New York NY 10022 | |

RECEIVED MAY 13 2007 U.S.D.C. S.D.N.Y. CASHIERS

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
42 U.S.C 1983 and 1988, seeks to redress violations of Plaintiff's constitutional rights by Defendants all of whom were New York State Department of Correctional Services' officers and officials.

Has this or a similar case been previously filed in SDNY at any time? No[X] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol[ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)   NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [X] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE: _____

DEMAND $ _____  OTHER _____  JUDGE _____  DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)  **ORIGIN**

[x] 1 Original Proceeding
[ ] 2a. Removed from State Court
[ ] 2b. Removed from State Court AND at least one party is a pro se litigant
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)  **BASIS OF JURISDICTION**  *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [x]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [x]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Yesmine Grady
2403 Harrods Lane
Richmond, VA 23225

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Downstate Correctional Facility
122 Red Schoolhouse Rd, P.O. Box 445
Fishkill, New York 12524-0445

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: [ ] WHITE PLAINS   [x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 5/13/07   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. NOV Yr. 1990 )
RECEIPT #   Attorney Bar Code # JL4535

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

07 CV 3776
JUDGE CHIN

RECEIVED
MAY 1 3 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YESMINE GRADY,
      Plaintiff,

vs.

Civ. DKT No. _____

PAUL ANNETTS, Superintendent of Downstate
Correctional Facility, sued in his individual capacity;
SARGEANT CARDERELLI, Correctional Officer,
sued in his individual capacity; MR. MOORE,
Correctional Officer, sued in his individual
capacity; MS. ALAMAR, Correctional Officer,
sued in her individual capacity; and MS. SANTOS,
Correctional Officer, sued in her individual capacity:
      Defendants.

**TRIAL BY JURY DEMAND**
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, Yesmine Grady, by and through her attorney, James LeBow, Esq., complains of Defendants, as follows:

### I. PRELIMINARY STATEMENT

This action brought under 42 U.S.C. §§1983 and 1988, seeks to redress violations of Plaintiff's constitutional rights by Defendants, all of whom were New York State Department of Correctional Services' officers and officials. Plaintiff's action arose on or about August 2, 2005 through August 4, 2005, when corrections officers conditioned her entry to the Downstate Correctional Facility, for visitation with her son, upon her submitting to being stripped-searched.

Defendants, at the time Plaintiff was searched, had neither probable cause nor reasonable suspicion to believe that Plaintiff possessed contraband or a weapon, but instead, subjected

1

Plaintiff to such an intrusive and humiliating search, solely because Plaintiff was an African American dressed in traditional Muslim garments.

Plaintiff, is a devout follower of the Muslim faith, and dresses according to its tenets, rituals and beliefs. On the days Plaintiff sought entry to Downstate, for visitation, she was dressed in an outer garment known as a "jilbab", a loose dress-like garment which extends from here shoulders to her ankles. Beneath this outer garment, Plaintiff wears slacks and undergarments. Plaintiff also wore a head covering known as a "khemal", that attaches to the top and back of her head to cover her hair. Plaintiff's garments, however, did not conceal or obstruct any facial feature, nor did they present any greater security risk than secular clothing.

Notwithstanding, Plaintiff, who is of African-American descent, was forced to submit to a "modified" strip-search by Defendants, as a condition of entry, before ever passing through a magnometer, a device similar to an open doorway which detects any metal object just by the individual passing through, when other visitors to the Facility, at the same time and place, were allowed entry solely by passing through a magnometer.

Plaintiff even observed others dressed in traditional Muslim clothing being allowed to pass through the magnometer without submitting to the same or similar search as performed on her. Those individuals, however, were either of Caucasian or Asian descent.

Plaintiff alleges Defendants' actions violated her rights under the First, Fourth and Fourteenth Amendments, U.S. Const.

Plaintiff further alleges, on information and belief, that Defendants' actions emanated from a conspiracy which included each of the Defendants, and others unknown, which sought to deprive Plaintiff, and others similarly situated, of their rights under the laws and Constitution of the United States and the State of New York.

2

Defendants' conduct, as described herein, directly and proximately violated Plaintiff's rights under the laws and Constitution of the United States and the State of New York; and, as well, resulted in Plaintiff's mental and emotional distress, humiliation, embarrassment and degradation of her religious beliefs. Plaintiff seeks both compensatory and punitive damages.

## II. JURISDICTION AND VENUE

1.  This Court has jurisdiction of this action, pursuant to 28 U.S.C. §§1331(a) and 1343(3). Venue is proper in the Southern District of New York, as the acts complained of by Plaintiff were committed by Defendants or occurred within said district.

## III. PARTIES

2.  Plaintiff Yesmine Grady, an African-American female was, at all relevant times hereto, a citizen of the United States and a resident of the State of South Carolina; and at all times relevant herein, Plaintiff's son was confined at Downstate.

3.  Plaintiff's son, on information and belief, presents no greater security risk than any other inmate housed at the Downstate Facility; he is not associated with a gang, cartel, nor convicted of a crime which would warrant a higher-risk assessment than the other inmates at that Facility.

4.  Defendant Paul Annetts was, at all relevant times herein, the superintendent of Downstate. On information and belief, Defendant Annetts has both policy-making and supervisory responsibilities, and has either formulated, ratified, implemented or continued to implement policies in place before he took charge of the Downstate Facility, which pertained to visitor entry into the Facility, which included those policies in place on the days when Plaintiff sought entry to the Downstate Facility; further Defendant Annetts also has supervisory responsibility over all correctional officers assigned to or posted within the Facility, including,

but not limited to, training, retention and discipline of corrections officers. Plaintiff alleges that at all times relevant herein, Defendant Annetts acted under color of state law. He is sued herein in his individual capacity.

5.  Defendant John Carderelli was, at all times relevant herein, a correctional officer, with a rank of sergeant; and on or about August 2, 2005 to August 4, 2005, was assigned and posted at the Facility; Sergeant Carderelli has the supervisory responsibility to direct the actions of the rank-and-file correctional officers, to oversee their job performance and to control the manner and methods used in dealing with both inmates and the public; Defendant Sergeant Carderelli also has responsibilities for the training and discipline of rank-and-file correctional officers, and on information and belief, and at all times relevant herein, had responsibility for the supervision of the officers posted and assigned to screen and monitor the entry of visitors on the days Plaintiff was searched; and further, Plaintiff alleges Defendant Sergeant Carderelli was the correctional officer in charge who ordered the strip-search to be performed upon her. He is sued herein in his individual capacity.

6.  Defendant Officer Moore, at all times relevant herein, was a correctional officer assigned and posted at the Facility, and that on or about August 2 through August 4, 2005, his responsibilities on these days, included but were not limited to, monitoring inmates and individuals seeking entry to the Facility for visitation purposes. At all times relevant herein, Defendant Officer Moore acted under color of state law. He is sued herein in his individual capacity.

7.  Defendant Officer Alamar, at all times relevant herein, is a correctional officer, assigned to and posted at the Downstate Facility, and was the female correctional officer who searched Plaintiff on the occasion of her first and second visits on or about August 2, 2005 and

August 3, 2005. Defendant Alamar, was assigned to screen, monitor and oversee visitors entering the Facility for visitation. Defendant Alamar, on or about said dates, performed a modified strip-search on Plaintiff, and at all times relevant herein, was aware that the magnometer was used and relied upon to ascertain the presence of contraband for other visitors, and that the magnometer was in good and proper working condition, and was the primary method of detecting contraband or weapons possessed by visitors; and, further, Defendant Officer Alamar at the time she searched Plaintiff, possessed no articuable basis that arose either probable cause or reasonable suspicion to believe that Plaintiff possessed contraband or weapons when Plaintiff sought entry to the Downstate Facility for visitation. Plaintiff alleges Defendant Officer Alamar, acted under color of state law, and at all time relevant herein, knew that the search she performed upon Plaintiff violated clearly established federal law. Defendant Officer Alamar is sued in her individual capacity.

8.  Defendant Santos, at all relevant times herein, was a correctional officer assigned and posted at the Facility; on the dates that Plaintiff entered the Facility for visitation herein. On or about August 4, 2005, Defendant Santos performed the "modified strip" search of Plaintiff's person and admitted that the search of Plaintiff was improper and that the correct procedure was for someone to be searched when they "tripped" or set off the magnometer; Plaintiff alleges that Defendant Santos, at all times relevant herein, acted under color of state law; Defendant Santos is sued herein in her individual capacity.

### IV. FACTS

9.  On or about August 2, 2005, Plaintiff, a resident of South Carolina, traveled from South Carolina to New York for the sole purpose of visiting her son, who was there and then, confined at Downstate Correctional Facility.

5

10. At all times relevant herein, Plaintiff follows the tenets, beliefs and teachings of the Muslim faith, and as such, dresses in a manner consistent with both those traditional tenets and beliefs of her faith; and, on or about August 2, 2005, the first time that Plaintiff sought entry to Downstate, for visitation, she dressed in an "jilbab", which is a loose dress-like garment that covers from the shoulders to the ankles; beneath, Plaintiff wears a pair of slacks, and her undergarment; also, Plaintiff wears a head covering known as a "khemal", which fits tightly to the top and back of Plaintiff's head, covering her hair.

11. Plaintiff's dress and attire did not conceal or obstruct any portion of her face, distort any facial features, or prevent an unobstructed view of Plaintiff's face.

12. On information and belief, Downstate routinely allows visitors for inmate visitation, with restrictions on days and times to prevent overcrowding, and unless either probable cause or an articuable suspicion exist to believe the visitor possesses a weapon or contraband, passing through a magnometer, a door-like metal detector, is a sufficient means to ascertain whether a visitor, should be allowed entry. If the visitor "trips" or sets off the magnometer then a further search is made.

13. On information and belief, no visitor is subjected to a strip-search without an articuable basis, arising to the level of probable cause or at least reasonable suspicion, to believe that the visitor possessed contraband and/or weapon and was bringing them into the Facility.

14. That on or about August 2, 2005, Plaintiff traveled to the Downstate Facility to visit her son, and thereafter sought entry; there were no impediments to her visit, having been pre-planned, Plaintiff had cleared her visit with authorities at the Facility.

15. As Plaintiff stood online with others, also waiting to enter the Facility, and pass through the magnometer, and be screened for possible contraband, Plaintiff was there and then,

while standing in line to pass through the magnometer, approached by Defendant Officer Moore and Defendant Alamar, and was told by Defendant Officer Moore that due to her dress attire, she would be (a) required to submit to a "modified" strip-search, or (b) denied entry for visitation;

16. Upon Plaintiff's inquiry, she was informed that the strip-search, that was to be performed upon her, had been approved by Defendant Sergeant Cardellili, a correctional officer sergeant, a supervisor, and was further informed that such a search was the facility's practice pertaining to visitors who sought entry and were dressed in Muslim attire; and, although offensive and humiliating to Plaintiff she with great reluctance submitted to the search, being worst under the circumstance, having traveled such a great distance in order to visit with her son.

17. Thereafter Plaintiff was escorted to and searched by Officer Alamar in one of the Facility's public restrooms, in the entrance area, which was left open to the public, during the entire time Plaintiff was being searched.

18. The search was performed as follows: Plaintiff was required to raise her outer garment, or jilbab, over her head, exposing her bare torso, while a female officer visually and physically searched her, including placing her hands within Plaintiff's undergarments, while physically touching and patting Plaintiff's bra and breast, and also placing her hands within the waistband on the slacks Plaintiff wore beneath the jilbab.

19. This unreasonable, intrusive, humiliating and embarrassing search was all without probable cause and even reasonable suspicion and directly and proximately resulted in Plaintiff's feelings of mental distress, embarrassment, humiliation and demeaned her religious beliefs, as well as violating her First, Fourth and Fourteenth Amendment rights under the United States Constitution;

20. Thereafter, although Plaintiff was allowed to enter the Facility and visit with her son. Performing the search took well over an hour and significantly restricted the time Plaintiff could spend with her son; However, her visit was more seriously disrupted by the feeling of embarrassment, humiliation, anger and shame she felt as a result of Defendants' actions which was solely motivated by a distrust of her and other followers of the Muslim faith.

21. Plaintiff, returned again on or about August 3, 2005 and August 4, 2005, having pre-planned the visitation periods with her son, and again sought entry to the Facility.

22. The same process as illustrated above occurred again on or about August 3, 2005. Plaintiff again sought entry for visitation. Plaintiff stood in line waiting to pass through the magnometer, along with other individuals seeking entrance for visitation, she was again approached and informed that she would again have to again submit to a strip-search by Officer Alalmar, as a condition of entry into the Facility.

23. However, on Plaintiff's August 4, 2005 visit to the Facility there was another individual, who stood on line seeking visitation, who was also dressed in traditional Muslim clothing but was not asked nor required to submit to a strip search as a condition of entry, as plaintiff was required; However, that individual was of either Caucasian or Asian descent.

24. Again, on or about Plaintiff's August 4, 2005 visit to the Facility, she was escorted to the same open public restroom, in the entrance of the facility with open access, and subjected to the same search as described above. However, this final search was conducted by Officer Santos and upon completion of the search, Officer Santos inquired as to what area of Plaintiff's person set off the magnometer. Plaintiff responded that she was searched each day that she visited her son before ever going through the magnotmeter. It was at that point that Officer Santos informed Plaintiff that was improper and that the only time people are searched is

8

if they have "tripped" or set off the magnometer. Therefore, once again, Plaintff was subjected to a "modified" strip search without probable cause or reasonable suspicion, that plaintiff possessed contraband or weapons, and again in derogation of her First, Fourth, and Fourteenth Amendment rights.

25. That as a direct and proximate results of the aforementioned, Plaintiff suffered embarrassment, humiliation, mental distress and was subjected to invidious racial discrimination; Plaintiff's religion was mocked and used as a basis, for subjecting her to a baseless and unlawfully intrusive search, which served no legitimate penalogical objective, not otherwise obtainable by passing through the magnometer like all other visitors; and was performed with a discriminatory intent.

26. Defendants' actions were taken with deliberate indifference to and a violation of Plaintiffs rights under the First, Fourth and Fourteenth Amdts, US Const. and was the direct and proximate cause of her resulting mental and emotional distress, including her feeling of extreme humiliation embarrassment and shame.

WHEREFORE, Plaintiff requests and prays this Court to enter judgment in her favor, against the Defendants, and each of them as follows:

1. For violation of Plaintiff's constitutional rights and the injuries which flowed there from, Plaintiff seeks an amount of $1 Million, to compensate her mental distress, humiliation and embarrassment;

2. Further, Plaintiff seeks punitive damages from Defendants, for their intentional, willful and purposeful deprivation of her rights in an amount of $10 Million;

3. Plaintiff also seeks costs, interests and disbursements; and,

4.  Plaintiff seeks attorney's fees under 42 USC§ 1988, and for such other and further relief as the Court deems just and proper.

Dated: April 25, 2007  
New York, New York

Respectfully submitted,

_____  
James B. LeBow (JL4535)  
Attorney for the Plaintiff  
488 Madison Ave, Suite 1100  
New York, NY 10022  
212-868-3311